UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DARLENE HENNRICH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENN NATIONAL GAMING, INC. ) <br> d/b/a Argosy Casino Hotel & Spa, ) <br> ) <br> and ) <br> ) <br> THE MISSOURI GAMING COMPANY, ) <br> LLC, ) <br> ) <br> Defendants. ) | Case No.: 5:20-cv-6173 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

COME NOW Defendants, Penn National Gaming, Inc. and The Missouri Gaming Company, LLC, by and through their undersigned counsel, and hereby file their Notice of Removal from the Circuit Court of Platte County, Missouri to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(d). In support thereof, Defendants respectfully state to this Honorable Court as follows:

### INTRODUCTION AND BACKGROUND

1. Penn National Gaming, Inc. and The Missouri Gaming Company, LLC, are named as Defendants in a civil action brought against them by Darlene Hennrich (hereinafter "Plaintiff") in the Circuit Court of Platte County, Missouri, entitled *Darlene Hennrich v. Penn National Gaming, Inc. and The Missouri Gaming Company, LLC*, Case No. 20AE-CC00239 (the "Lawsuit"). A copy of all process, pleadings, and orders served on Defendants in said action are attached hereto (Exhibit 1). Defendants have been served with no other pleadings, papers, or orders which do not appear in the state court file.

2. Plaintiff filed the Lawsuit on September 3, 2020. On October 30, 2020, CT Corporation System, as registered agent in Missouri for service of process, received a copy of the Summons and Petition in the Lawsuit for both Defendants. Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal within thirty (30) days of receiving service of Plaintiff's Petition initiating the Lawsuit.

3. The Lawsuit is a civil action seeking damages for claims asserted under the Missouri Human Rights Act, § 213.010-137, RSMo, alleging one count of sex discrimination and one count of disability discrimination. (Exhibit 1, Petition).

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction for this action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441, because: (a) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (b) there is complete diversity of citizenship between Plaintiff and Defendants.

5. Venue for this removal action is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Platte County, Missouri, where Plaintiff filed her Petition. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff is a citizen of the state of Missouri. (Exhibit 1, ¶ 1).

7. Defendant Penn National Gaming, Inc. is a Pennsylvania corporation with its principal place of business in Wyomissing, Pennsylvania, as Pennsylvania is where its corporate headquarters are located and where its officers direct, control and coordinate its activities. (Exhibit 2, Barrett Declaration, Par. 5-7, and Exhibit 2-1). Hertz Corp. v. Friend, 130 S.Ct. 1181, 175

L.Ed.2d 1029 (2010) (In determining the citizenship of a corporation, a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business; a corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities.)

8. Defendant The Missouri Gaming Company, LLC, is a limited liability company. Thus, The Missouri Gaming Company, LLC's citizenship is determined by the citizenship of its members. Clark v. SL W. Lounge, LLC, No. 4:18-CV-01223-JCH, 2018 WL 6246885, at *2 (E.D. Mo. Nov. 29, 2018) *citing* E3 Biofules, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) ("[F]or the purposes of diversity jurisdiction, a limited-liability company takes the citizenship of each of its members.").

9. The sole member of The Missouri Gaming Company, LLC is CRC Holdings, Inc., a Florida corporation with its principle place of business located in Wyomissing, Pennsylvania. (Exhibit 2, Barrett Declaration, Par. 8-11, and Exhibit 2-2).

10. Thus, Defendant The Missouri Gaming Company, LLC, by way of its sole member CRC Holdings, Inc., is deemed a citizen of the states of Florida and Pennsylvania.

11. Based upon the foregoing, because complete diversity exists between Plaintiff, a citizen of the state of Missouri, and Defendants, citizens of the states of Pennsylvania and Florida, this Court has original jurisdiction over the claims raised in Plaintiff's Petition pursuant to 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY**

12. Plaintiff has brought claims of unlawful discrimination with respect to her terms and conditions of employment against Defendants, and Plaintiff's Petition does not limit the amount in controversy to $75,000 or less.

13. Although Plaintiff's Petition does not allege a specific amount of damages, Defendants have a good faith basis and belief to a high degree of legal certainty that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (in determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000, but rather whether a finder of fact could legally conclude that the damages exceed that amount).

14. A removing party may meet its burden of demonstrating the amount in controversy exceeds $75,000 by "analogous case law or hypothetical itemization of damages" that includes potential punitive damages and statutory attorney fees. Pleasant v. Noble Fin. Corp., 54 F.Supp. 3d 1071, 1080 (W.D.Mo. 2014); *see also* Peterson v. The Travelers Indem. Co., 867 F.3d 992, 995 (8th Cir. 2017) (punitive damages and statutory attorneys' fees are included when evaluating the jurisdictional minimum for amount in controversy).

15. Here, the jurisdictional amount is met inasmuch as Plaintiff seeks damages in this lawsuit for compensatory, nominal, and punitive damages, as well as attorneys' fees, costs and interest. (Exhibit 1, Petition, Prayers for Relief in Counts I and II).

16. One element of damages Plaintiff requests is deprivation of income and other monetary benefits. (Exhibit 1, Petition, ¶ 35 & 54, Prayers for Relief in Counts I and II) At the time of her termination, Plaintiff earned $47,536.12 annually. (Exhibit 2, Barrett Declaration, Par. 13). The value of Plaintiff's compensation and benefits Plaintiff would have earned had she

remained employed from the date of her termination – October 1, 2019 – through the date of the filing of the Petition – September 3, 2020 – is thus $43,574.

17. Moreover, recent verdicts and judgments in Missouri Human Rights Act claims providing awards of damages and statutory attorneys' fees well in excess of $75,000 demonstrate a finder of fact could legally conclude Plaintiff's damages exceeded the jurisdictional minimum of $75,000. *See,*

- Cooper v. Scripps Media Inc., Case No. 4:17CV00041 (February 8, 2019, W.D. Missouri) (damages in the amount of **$311,000** and attorneys' fees in the amount **$691,659**);

- Stenzel v. Select Specialty Hospital-Kansas City Inc., Case No. 1716CV06699 (May 29, 2019, 16th Judicial Circuit) (damages in the amount of **$100,000**);

- Bracken v. Villages of Jackson Creek LLC, Case No. 1716CV30131 (May 10, 2019, 16th Judicial Circuit) (damages in the amount of **$156,900**);

- Hines v. Costco Wholesale Corp., Case No. 1716CV15824 (August 26, 2019, 16th Judicial Circuit) (damages in the amount of **$419,500**);

- Jones v. City of Kansas City, Mo., Case No. 1516-CV25112 (February 2, 2018, 16th Judicial Circuit) (damages in the amount of **$356,694.69** and attorneys' fees in the amount of **$662,862.50**); and

- Stubbs v. Independence Sch. Dist., et al., Case No. 1616-CV11175 (January 25, 2018, 16th Judicial Circuit) (damages in the amount of **$341,000.00**).

18. Although Plaintiff pleads no specific amount of alleged punitive damages or attorneys' fees, analogous claims demonstrate a finder of fact could legally conclude that the damages, including hypothetical punitive damages and attorneys' fees, exceed $75,000.00.

## CONCLUSION

19. This Court has original jurisdiction over the above-described action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. Therefore, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(b).

20. In accordance with 28 U.S.C. § 1446(b), this action is removable because Defendants filed this Notice within thirty (30) days after the service of Plaintiff's Petition, both Defendants consent to said removal, and this matter is one which otherwise may be removed to this Court.

21. Defendant's Notice of Removal is accompanied by written notice to Plaintiff and a copy of Defendant's Notice of Removal is being filed with the Clerk of the applicable state court on this date, as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants Penn National Gaming, Inc., and The Missouri Gaming Company, LLC, provide Notice of Removal of the above-styled action pending in the Circuit Court of the County of Platte, State of Missouri, to the United States District Court for the Western District of Missouri. To the extent this Court determines that additional information is needed to determine whether removal in this matter is proper, Defendants respectfully request this Court to provide it leave to supplement such additional information that the Court deems necessary to make such a determination.

Respectfully submitted,

McMAHON BERGER, P.C.

 /s/ *Michael S. Powers*
Stephen B. Maule, ARN 44209MO (*pro hac vice pending*)

John J. Marino, ARN 58957MO (*pro hac vice pending*
Michael S. Powers, ARN 63173MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 - Telephone
(314) 567-5968 - Facsimile

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of November, 2020, a copy of the foregoing was served via the Court's electronic filing system, addressed as follows:

Ryan L. McClelland
Michael J. Rahmberg
McClelland Law Firm
200 Westwoods Drive
Liberty, MO 64068-1170
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com
Attorneys for Plaintiff

                                                             /s/ *Michael S. Powers*