**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | |
|---|---|
| DARLENE HENNRICH, ) <br> Address: ) <br>     2913 Rolling Hills Drive ) <br>     Platte City, Missouri 64079 ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENN NATIONAL GAMING, INC. ) <br> d/b/a Argosy Casino Hotel & Spa ) <br> Serve: ) <br>     Registered Agent ) <br>     CT Corporation System ) <br>     120 South Central Ave. ) <br>     Clayton, Missouri 63105 ) <br> ) <br> and ) <br> ) <br> THE MISSOURI GAMING ) <br> COMPANY, LLC, ) <br> Serve: ) <br>     Registered Agent ) <br>     CT Corporation System ) <br>     120 South Central Ave. ) <br>     Clayton, Missouri 63105 ) <br> ) <br>     Defendants. ) | Case No.: <br><br> **Jury Trial Demanded** |

## PETITION FOR DAMAGES

Plaintiff Darlene Hennrich ("Plaintiff"), by and through undersigned counsel, states and alleges the following as her Petition for Damages against Defendant Penn National Gaming, Inc., doing business as Argosy Casino Hotel & Spa, and Defendant The Missouri Gaming Company, LLC (hereinafter collectively "Defendants"):

**Parties**

1. Plaintiff is a citizen of the United States of America, presently residing in Platte County, Missouri.

2. At all times relevant to this action, Plaintiff was employed by Defendants at Defendants' casino located at 777 Northwest Argosy Casino Parkway, Riverside, Missouri 64150.

3. Defendant Penn National Gaming, Inc., is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.

4. Defendant The Missouri Gaming Company, LLC, is a limited liability company organized under the laws of the State of Missouri, with its principal business office located in Riverside, Platte County, Missouri. Defendant The Missouri Gaming Company, LLC, is owned, operated, and controlled by Defendant Penn National Gaming, Inc.,

5. Defendants jointly own, operate, and control a casino located at 777 Northwest Argosy Casino Parkway, Riverside, Missouri 64150, which does business as Argosy Casino Hotel & Spa.

6. At all times relevant to this action, Defendants were an "employer" within the meaning of the Missouri Human Rights Act, Section 213.010, *et seq.*, Revised Statutes of Missouri ("MHRA").

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction under Article V, Section 14, of the Missouri Constitution, and Section 478.070, R.S.Mo.

8. Pursuant to Section 213.111.1 and Section 478.090, R.S.Mo., jurisdiction and venue are proper in this Court as the discriminatory conduct alleged herein took place in Platte County, Missouri.

## Conditions Precedent

9. Plaintiff's causes of action are filed against Defendants pursuant to the MHRA, which permits suits against employers, as defined by the MHRA.

10. Plaintiff timely filed her Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") on or about December 19, 2019, within one hundred eighty (180) days of the discriminatory acts complained of herein, asserting claims of discrimination based on sex, disability, retaliation, and other state laws by Defendants.

11. The aforesaid Charge of Discrimination, and any amendments made thereto, provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties.

12. On or about June 19, 2020, the MCHR issued its Notice of Right to Sue and Plaintiff filed her Petition for Damages within ninety (90) days of the receipt of said Notice.

13. Plaintiff has satisfied all prerequisites to the institution of this action.

## General Allegations Common to All Counts

14. Plaintiff was hired by Defendants on August 5, 2008, to work in the Players Club.

15. Throughout the majority of Plaintiff's employment with Defendants, Plaintiff was an above-satisfactory performing employee without a history of discipline.

16. Throughout Plaintiff's employment with Defendants, Plaintiff transitioned from the Players Club to Slots, then to a Table Games Dealer. Plaintiff was subsequently promoted to a Dual-Rate Dealer/Supervisor, to a Table Games Supervisor, and finally to an Assistant Pit Manager.

17. As an Assistant Pit Manager, Plaintiff regularly supervised the Mini-Baccarat table games, an Asian-inspired game, which is a position that is high-stress as it involves significant amounts of money and players.

18. In 2019, Plaintiff and her wife began trying for a child. After numerous trials of Intrauterine Insemination (IUI), Plaintiff learned that she was pregnant on or about July 11, 2019. Plaintiff informed her supervisors that she was pregnant approximately one (1) month later.

19. Shortly after informing Defendants that she was pregnant, on or about August 21, 2019, Plaintiff received her first-ever disciplinary action related to an incident on August 15, 2019, in which she referred to the Mini-Baccarat games as "China Town." A co-worker reported the comment to Defendants' Human Resources.

20. When Defendants questioned Plaintiff about the comment, Plaintiff admitted that she made the comment, that it was insensitive, and accepted the write-up, which stated that, "Failure to meet expectations and immediately improve your performance may lead to disciplinary action, up to and including termination."

21. Upon information and belief, many other employees refer to the Mini-Baccarat games using insensitive names, such as "Little Saigon," but have never been disciplined by Defendants for using such language.

22. On or about September 23, 2019, Plaintiff's doctor informed her that she should move to supervising games which are not as high-stress due to her pregnancy, and provided her a doctor's note to that effect. Plaintiff provided the doctor's note to Defendants' Human Resources that same day.

23. Later that afternoon, Plaintiff received an email from Twanna Green in Human Resources instructing her to complete a Healthcare Provider Verification Form regarding her

Page **4** of **10**

Case 5:20-cv-06173-SRB   Document 1-1   Filed 11/30/20   Page 4 of 15

pregnancy-related disability. Not believing herself to be "disabled," Plaintiff responded to Ms. Green the following day that she would not complete the Healthcare Provider Verification Form. Plaintiff did not receive any response from Human Resources.

24. On or about October 1, 2019, Plaintiff was assigned to work One-One (which is the area of the casino which has Roulette and carnival games, and is much less stressful than the Mini-Baccarat games) by her supervisor Rick Bartlett, and another Assistant Pit Manager was assigned to work Mini-Baccarat. More than half-way through her shift, Plaintiff was "tapped-out" of her game section by another Assistant Pit Manager, who informed Plaintiff that her presence was requested in Human Resources.

25. Upon arriving in Human Resources, Plaintiff met with Twanna Green and Rick Bartlett. Ms. Green then informed Plaintiff that she was being terminated due to the incident on August 15, 2019, despite already having been written-up for the incident and receiving no further disciplinary action. Plaintiff was then escorted from the casino after gathering her belongings.

## Count I
### Discrimination based on Sex in Violation of the MHRA
### (Against All Defendants)

26. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

27. At all times relevant to this action, Plaintiff, as a female who was pregnant, was a member of a class of persons protected by the MHRA because of her sex.

28. During Plaintiff's employment with Defendants, Plaintiff was subjected to different terms and conditions of employment, and an ongoing and continuous pattern and practice of discrimination and disparate treatment based on her sex by Defendants, including by Defendants' supervisory and management employees and agents.

29. After Plaintiff informed Defendants of her pregnancy, Plaintiff was disciplined, and ultimately terminated, for conduct in which other non-pregnant or male employees engaged without receiving disciplinary action, as alleged herein.

30. All actions, inactions, or omissions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

31. Plaintiff's sex and pregnancy played a role in and had a determinative influence on Defendants' decision to terminate Plaintiff's employment.

32. Defendants' failure to consistently apply and enforce its policies and practices as against male and female employees, and pregnant and non-pregnant employees, demonstrates that Defendants' stated reason for Plaintiff's termination was mere pretext to discriminate against Plaintiff, and a subterfuge by Defendants to circumvent the law.

33. Defendants failed to: (1) prevent; (2) promptly and properly investigate; and (3) promptly take corrective action to stop such illegal conduct to which Plaintiff was being subjected.

34. Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, as alleged herein.

35. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

36. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered garden-variety emotional distress, including, but not limited to a loss of self-esteem, humiliation, and mental anguish, and related compensatory damages.

37. Defendants failed to make good faith efforts to establish and enforce policies to prevent discrimination against employees.

Electronically Filed - Platte - September 03, 2020 - 09:53 AM

38. Defendant failed to properly train and/or otherwise inform their supervisors, managers, and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

39. By failing to take prompt and effective remedial action, Defendants' actions/inaction had the purpose and effect of condoning, ratifying, and/or authorizing the discriminatory conduct towards Plaintiff.

40. Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to, or conscious disregard for, the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them from like conduct in the future.

41. Plaintiff is entitled to recover from Defendants her reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendants for such damages, actual, nominal, and punitive, as are fair and reasonable, for pre-judgment and post-judgment interest, attorneys' fees, and for all other legal and equitable relief as the Court deems just and proper.

### Count II
### Discrimination Based on Disability in Violation of the MHRA
### (Against All Defendants)

42. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

43. At all times relevant to this action, Plaintiff was a member of a class of persons protected by the MHRA because of her pregnancy related disability.

44. At all times relevant to this action, Plaintiff suffered from a pregnancy related disability as defined as a physical or mental impairment which substantially limits one or more of

a person's major life activities, being regarded as having such an impairment, or a record of having such an impairment, which, with or without reasonable accommodation, does not interfere with performing the job.

45. Plaintiff informed Defendants about her pregnancy and her pregnancy related health condition.

46. Defendants had actual knowledge of Plaintiff's pregnancy and her pregnancy related health condition.

47. Defendants, by and through their officers, employees, and agents, discriminated against Plaintiff because of her pregnancy related disability, discriminated against Plaintiff with respect to the terms and conditions of her employment, and failed to accommodate Plaintiff's disability, in violation of the MHRA, as alleged herein.

48. At all times relevant to this action, Plaintiff was qualified to perform the essential functions of her job and capable of performing the essential functions of her job, with or without reasonable accommodation.

49. All actions, inactions, or omissions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

50. Plaintiff's pregnancy related disability played a role in and had a determinative influence on Defendants' decision to terminate Plaintiff's employment.

51. Defendants' failure to consistently apply and enforce its policies and practices as against employees without disabilities demonstrates that Defendants' stated reason for Plaintiff's termination was mere pretext to discriminate against Plaintiff, and a subterfuge by Defendants to circumvent the law.

52. Defendants failed to: (1) prevent; (2) promptly and properly investigate; and (3) promptly take corrective action to stop such illegal conduct to which Plaintiff was being subjected.

53. Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, as alleged herein.

54. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

55. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered garden-variety emotional distress, including, but not limited to a loss of self-esteem, humiliation, and mental anguish, and related compensatory damages.

56. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including discrimination based on disability.

57. Defendants failed to properly train and/or otherwise inform its supervisors, managers, and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

58. By failing to take prompt and effective remedial action, Defendants' actions/inaction had the purpose and effect of condoning, ratifying, and/or authorizing the discriminatory conduct towards Plaintiff.

59. Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to, or conscious disregard for, the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them from like conduct in the future.

60. Plaintiff is entitled to recover from Defendants her reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury on all counts and allegations contained herein.

Dated: September 3, 2020

Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By: /s/ Michael J. Rahmberg
Ryan L. McClelland, MO Bar #59343
Michael J. Rahmberg, MO Bar #66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFF

 **IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

**NOTICE
SETTING ON CALENDAR**

STATE OF MISSOURI )
) ss
COUNTY OF PLATTE )

CASE NO: 20AE-CC00239
NATURE OF SUIT: CC Employmnt Discrmntn 213.111

DARLENE MARIE HENNRICH
Plaintiff/Petitioner

    v.

THE MISSOURI GAMING COMPANY, LLC
PENN NATIONAL GAMING, INC.
Defendant/Respondent

TO:

| DARLENE MARIE HENNRICH 2913 ROLLING HILLS DRIVE PLATTE CITY, MO 64079 | THE MISSOURI GAMING COMPANY, LLC PENN NATIONAL GAMING, INC. CT CORP SYSTEM 120 SOUTH CENTRAL AVE CLAYTON, MO 63105 | MICHAEL JAMES RAHMBERG MCCLELLAND LAW FIRM, PC 200 WESTWOODS DR LIBERTY, MO 64068 | |
|---|---|---|---|

    You are hereby notified that the referenced case has been set on the calendar as follows:

        Division:    DIVISION 2 COURT ROOM
        Date:    04-DEC-2020
        Time:    09:00 AM
        Setting:    90 DAY DOCKET CALL

Date: 03-SEP-2020

        Kimberly K. Johnson
        Circuit Clerk, Platte County



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: 20AE-CC00239 |
|---|---|
| Plaintiff/Petitioner:<br>DARLENE MARIE HENNRICH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JAMES RAHMBERG<br>MCCLELLAND LAW FIRM, PC<br>200 WESTWOODS DR<br>LIBERTY, MO 64068 |
| Defendant/Respondent:<br>PENN NATIONAL GAMING, INC. | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:** PENN NATIONAL GAMING, INC.
**Alias:**

CT CORP SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*



*PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Tuesday, October 13, 2020_          _/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C._
              Date                                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*
My commission expires: _____          _____
                                Date                                              Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge        $____10.00_____
Mileage                                       $_____ (_____ miles @ $._____ per mile)
**Total**                                       $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-522**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06173-SRB   Document 1-1   Filed 11/30/20   Page 12 of 15



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division: JAMES W VAN AMBURG | Case Number: 20AE-CC00239 |
|---|---|
| Plaintiff/Petitioner: DARLENE MARIE HENNRICH vs. | Plaintiff's/Petitioner's Attorney/Address MICHAEL JAMES RAHMBERG MCCLELLAND LAW FIRM, PC 200 WESTWOODS DR LIBERTY, MO 64068 |
| Defendant/Respondent: PENN NATIONAL GAMING, INC. | Court Address: 415 3RD STREET SUITE 5 PLATTE CITY, MO 64079 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:** THE MISSOURI GAMING COMPANY, LLC
**Alias:**
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105


*COURT SEAL OF PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Tuesday, October 13, 2020_ _/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C._
          Date                                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                             Date                             Notary Public

**Sheriff's Fees, if applicable**
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-523** 1 of 1 Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06173-SRB   Document 1-1   Filed 11/30/20   Page 13 of 15

S/B
11-13

# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division: <br> JAMES W VAN AMBURG | Case Number: 20AE-CC00239 |
|---|---|
| Plaintiff/Petitioner: <br> DARLENE MARIE HENNRICH | Plaintiff's/Petitioner's Attorney/Address <br> MICHAEL JAMES RAHMBERG <br> MCCLELLAND LAW FIRM, PC <br> 200 WESTWOODS DR <br> LIBERTY, MO 64068 |
| vs. | |
| Defendant/Respondent: <br> PENN NATIONAL GAMING, INC. | Court Address: <br> 415 3RD STREET <br> SUITE 5 <br> PLATTE CITY, MO 64079 |
| Nature of Suit: <br> CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:** THE MISSOURI GAMING COMPANY, LLC
**Alias:** 30 CTCOR M

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF PLATTE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Tuesday, October 13, 2020     /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.
Date     Clerk

OCT 28 2020

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) LCW-B. LOVE INTAKE SPECIALIST _____ (title).
☑ other: _____
Served at CT CORPORATION _____ (address)
in St. Louis County (County/City of St. Louis), MO, on OCT 3 0 2020 (date) at 9 AM (time).

Tom Deakin
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date     Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (____ miles @ $.____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-523    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06173-SRB   Document 1-1   Filed 11/30/20   Page 14 of 15

S1B
11-13



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: 20AE-CC00239 |
|---|---|
| Plaintiff/Petitioner:<br>DARLENE MARIE HENNRICH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JAMES RAHMBERG<br>MCCLELLAND LAW FIRM, PC<br>200 WESTWOODS DR<br>LIBERTY, MO 64068 |
| Defendant/Respondent:<br>PENN NATIONAL GAMING, INC. | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

The State of Missouri to: PENN NATIONAL GAMING, INC.
Alias: 30 CTCOR w/

CT CORP SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF PLATTE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Tuesday, October 13, 2020 — Date
/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C. — Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) LCW – B. LOVE INTAKE SPECIALIST (title).
☑ other: _____
Served at CT CORPORATION (address)
in St. Louis County (County/City of St. Louis), MO, on OCT 3 0 2020 (date) at 9 AM (time).

_____ TOM DEAKIN
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.

Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date       Notary Public

**Sheriff's Fees, if applicable**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage           $_____ (_____ miles @ $._____ per mile)
Total             $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-522     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06173-SRB   Document 1-1c   Filed 11/30/20   Page 15 of 15